## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EDWARD E. ROBERSON,** **#R60232,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 19-cv-01188-NJR** |
| **FRANK E. LAWRENCE,** **CRAIG AGGELMEIER,** **JOHN/JANE DOE 1,** *Assistant Warden of Programs,* **JOHN/JANE DOE 2,** *Dentist Assistant,* **JOHN/JANE DOE 3,** *Unit Major,* **JOHN DOE 1,** *Correctional Officer,* **and** **JOHN DOE 2,** *Correctional Officer,* | |
| **Defendants.** | |

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, Chief Judge:**

Plaintiff Edward Roberson, an inmate of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for the deprivations of his constitutional rights regarding inadequate dental treatment. He seeks monetary and injunctive relief.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune

from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriquez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Roberson alleges the following: On April 26, 2019, he had a call pass to visit the dentist to have his tooth #12 filled. (Doc. 1, p. 15). The correctional officer refused to wait to take Roberson to see the dentist, and without Roberson's knowledge, falsely recorded that Roberson refused to go to the appointment. As a result, he had to wait several weeks to be called again to the dentist. During these weeks, he had unbearable pain, difficulty sleeping, and was unable to eat and drink cold beverages.

On May 15, 2019, he was granted another pass to visit the dentist. (*Id.*). He had an x-ray and examination, and the dentist determined to fill tooth #12 and extract tooth #3. (*Id.* at p. 16). Roberson was told he would have to be scheduled for a follow up appointment in several weeks to have the procedures. While waiting, he continued to experience extreme pain, swollen gums, and it was difficult to eat, drink, and sleep. He complained to correctional officers and wrote requests to see the dentist. He received ibuprofen on August 25, 2019, but the amount provided only lasted ten days.

Roberson saw a dentist around September 15, 2019. (*Id.*). At this appointment it was determined that both teeth needed to be extracted, but the dentist would not do it because Roberson's mouth had become infected. (*Id.* at p. 17). Instead of extracting the teeth, the dentist issued penicillin and rescheduled Roberson for another appointment.

By September 25, 2019, the infection was gone, and he had finished the penicillin. Roberson submitted a new request regarding his teeth because the pain had returned, along with sensitivity. He did not receive a response and so filed another request. He was given ibuprofen and cephalexin around October 15, 2019, but after the medicine was gone the pain returned. He saw the dentist on November 1, 2019, who pulled one of his teeth causing further damage by removing part of his gum, leaving an abnormal size hole in his mouth. (*Id.* at p. 17-18).

## DISCUSSION

The Court finds that Roberson's Complaint, as currently drafted, fails to state a claim and must be dismissed. Roberson lists Frank Lawrence, Craig Aggelmeier, and John Doe Defendants in the case caption, but he does not describe how they violated his constitutional rights. In fact, these individuals are not referenced in the statement of claim at all. Allegations are asserted against "escorting correctional officer," "the dentist," and "walk in dentist." Federal Rule of Civil Procedure 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Merely invoking the name of a potential defendant by listing him or her in the case caption is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Absent any allegations describing what each defendant did or failed to do in violation of Roberson's constitutional rights, claims against these

individuals cannot proceed and must be dismissed without prejudice for failure to state a claim.

In light of these deficiencies, Robinson's Complaint does not survive preliminary review and shall be dismissed. If he wishes to pursue his claims, Robinson must file an amended complaint describing *how* each defendant violated his rights, keeping in mind that in Section 1983 actions, there is no supervisory liability. To be held individually liable a defendant must be "'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Roberson is advised that while he may use "John Doe" designation to refer to specific individual whose names are unknown, he must still make allegations against each individual (for example John Doe 1 did X and John Doe 2 did Y). He should explain what each defendant, named in the case caption, did or failed to do, in response.

### PENDING MOTIONS

Roberson has filed a motion requesting the Court to recruit counsel on his behalf. (Doc. 3). Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Under 28 U.S.C. § 1915(e)(1), however, the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). When deciding whether to recruit counsel for an indigent litigant, the Court must consider (1) whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, and, if so, (2) whether the

difficulty of the case exceeds the plaintiff's capacity as a layperson to coherently present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 654).

Roberson states that in an attempt to find an attorney that he wrote letters, but they all came back to him as "return to sender." (Doc. 1, p. 1). He also states that some attorneys claim they have a full case load. These vague statements are not sufficient for the Court to determine that he has made a reasonable effort to obtain counsel on his own, and so, he has failed to meet his threshold burden of making a "reasonable attempt" to secure counsel. *See Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010). Should Roberson choose to move for recruitment of counsel at a later date, the Court directs him to include in the motion the names and addresses of at least three attorneys he has contacted, and if available, attach the letters from the attorneys who declined representation.

Roberson has also filed a Motion for Status (Doc. 11), which is denied as moot in light of this Order.

### DISPOSITION

For the reasons set forth above, the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim for relief. The Motion for Recruitment of Counsel (Doc. 3) and the Motion for Status (Doc. 11) are **DENIED.**

Roberson is **GRANTED** leave to file a "First Amended Complaint" on or before **May 29, 2020**. Should Roberson fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to

prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Roberson use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-01188-NJR). To enable him to comply with this Order, the **CLERK** is **DIRECTED** to mail Roberson a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Roberson must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Roberson is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Roberson is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing

and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

      **IT IS SO ORDERED.**

      **DATED:   May 1, 2020**

 

                                      _____
                                      **NANCY J. ROSENSTENGEL**
                                      **Chief U.S. District Judge**