UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD E. ROBERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 3:19-cv-01188-GCS |
| CRAIG AGGLEMEIER, and SHERRY JONES, | ) |
| | ) |
| Defendants. | ) |

## Memorandum & Order

**SISON, Magistrate Judge:**

On October 30, 2019, Plaintiff Edward Roberson, an inmate at Menard Correctional Center ("Menard") brought suit against numerous defendants pursuant to 42 U.S.C. § 1983, alleging that he was denied access to the courts, denied adequate dental care, and subjected to cruel and unusual punishment. (Doc. 1). Plaintiff filed his first amended complaint on May 28, 2020. (Doc. 14). After conducting a merit review according to 28 U.S.C. § 1915A, the Court severed Plaintiff's First and Fourteenth Amendment claims, as well as his Eighth Amendment claims against correctional officers Morrison, Moore, and Ostlundmeiner. (Doc. 20). Remaining before the Court in this case is Plaintiff's single count against Defendants Agglemeier and Jones for violating Plaintiff's Eighth Amendment rights by demonstrating deliberate indifference to his serious medical needs. *Id.* Now, before the Court is Plaintiff's motion to compel initial disclosures from Defendants, including a log of Plaintiff's interactions with Menard staff during the time relevant to the complaint, and a list of staff names and titles for those

with whom Plaintiff interacted. *See* (Doc. 5, p. 3-4). For the reasons stated below, Plaintiff's motion to compel is **DENIED.**

## LEGAL STANDARDS

Under the Federal Rules of Civil Procedure, parties may obtain discovery into any non-privileged matter relevant to a party's claim or defense so long as that discovery is proportional to the needs of the case. *See Pegues v. Coe*, No. 3:16-CV-00239-SMY-RJD, 2017 WL 4922198, at *1 (S.D. Ill. Oct. 31, 2017)(citing FED. R. CIV. PROC. 26(1)). The purpose of discovery is to provide a mechanism for making relevant information available to litigants. *See* FED. R. CIV. PROC. 26 advisory committee note to 1980 amendment. Accordingly, the relevancy requirement is to be broadly construed to include matters "that bear on, or that could reasonably lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (internal citation omitted); *see also*, FED. R. CIV. PROC. advisory committee note to 1946 amendment. Nevertheless, the relevancy requirement should be firmly applied, and a district court should not neglect its power to restrict discovery when necessary. *See Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Balderston v. Fairbanks Morse Engine Div. of Coltec Industries*, 328 F.3d 309, 320 (7th Cir. 2003); *Stephenson v. Florilli Transportation, LLC*, No. 3:18-cv-0103-NJR-DGW, 2018 WL 4699863 at *1 (S.D. Ill. Oct. 1, 2018).

## ANALYSIS

In his motion to compel, Plaintiff states that, as of February 16, 2021, he had not received Defendants initial disclosures. (Doc. 47). Specifically, Plaintiff claims that Defendants failed to timely send him incident reports; grievance reports, including

grievance logs and counselors' notes; disciplinary tickets and documents indicating the resolution of those tickets; Plaintiff's cumulative counseling summary, or any other log of Plaintiff's interactions with staff during the relevant time; reports or statements of any person with knowledge of the incident; and the names of any person with knowledge of the underlying incident and a short description of the subject of their knowledge. (Doc. 54, p. 2). Under the initial scheduling order, Defendants were to provide Plaintiff with these documents on or before February 15, 2021. (Doc. 44).

Defendants respond that they mailed their initial disclosures to Plaintiff on February 11, 2021. (Doc. 52, Exh. A). However, February 12th and February 15th were both state holidays, during which the post office was closed. *Id*. at p. 2. A winter storm then hit Illinois shortly thereafter; Defendants posit that this storm may have caused additional mail delays. *Id*.

In the event that Plaintiff did not eventually receive Defendants' initial disclosures, Defendants assert that it would be prejudicial to require Defendants to resend the required documents, as the disclosures totaled more than 700 pages. (Doc. 52, p. 2). Defendants also claim that any prejudice to Plaintiff is minimal. *Id*. Defendants filed their motion for summary judgment on the issue of exhaustion of remedies on March 1, 2021; in their motion, Defendants included as exhibits copies of Plaintiff's movement records, his cumulative counseling summary, his Menard orientation record, his grievance records from the Administrative Review Board, and his Menard grievance log. (Doc. 51, Exh. A-E). Defendants assert that any other discovery not included in their motion for

summary judgment is discovery on the merits. (Doc. 52, p. 2). As discovery on the merits is stayed pending resolution of the issue of Plaintiff's exhaustion of administrative remedies, Defendants assert that Plaintiff's motion to compel is premature. *Id.* at p. 2-3.

Plaintiff replied on March 10, 2021. (Doc. 54). Though Plaintiff noted that he received most of Defendants' initial disclosures on March 5, 2021, he also stated that he still had not received copies of requests slips he sent to staff members regarding this incident, or the names of staff members with information regarding the incident and their titles. *Id.* at p. 4. Plaintiff notes that the initial scheduling order required Defendants to send both documents as part of their initial disclosures. *Id.*

As Plaintiff has received the vast majority of Defendants' required initial disclosures, the Court notes that Defendants are not required to re-send all 700 pages of discovery to Plaintiff. The resulting burden on Defendants of providing the remainder of the requested discovery is therefore significantly less than providing all of the initial disclosures for a second time. Nevertheless, the Court finds that Plaintiff's requested discovery is not proportional to the needs of the case at this time. *See Pegues*, 2017 WL 4922198, at *1. Plaintiff has not indicated a particular need for copies of his request slips. Although the scheduling order references a log of Plaintiff's interactions with staff, and although Plaintiff's request slips are evidence of such interactions, the scheduling order also states that Defendants may provide *either* a log of such interactions or Plaintiff's cumulative counseling summary. (Doc. 44, p. 2)(emphasis added). Defendants are only required to provide a log of Plaintiff's interactions with staff during the relevant time as

an alternative to providing Plaintiff's cumulative counseling summary. Similarly, Defendants are only required to provide Plaintiff with the names of persons with knowledge of the incident "to the extent this information is not included in the documents produced to Plaintiff." *Id*. The documents produced to Plaintiff include information regarding those with knowledge of the incident, including Plaintiff's grievance counselor and those who reviewed his grievances. Accordingly, the Court finds that Defendants have complied with the requirement to provide Plaintiff with initial disclosures as required by the Court's scheduling order, and the motion to compel is therefore denied.

## Conclusion

For the above-stated reasons, Plaintiff's motion to compel (Doc. 47) is **DENIED**.

**IT IS SO ORDERED.**

**Dated: April 9, 2021.**

Digitally signed by Judge Sison 2
Date: 2021.04.09
15:57:12 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**