IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EDWARD ROBERSON,

    Plaintiff,

v.

CRAIG ASSELMEIER and
SHERRY JONES,

    Defendants.

Case No. 3:19-CV-01188-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Summary Judgment filed by Defendants Craig Asselmeier and Sherry Jones (Doc. 49). For the reasons set forth below, the Court grants the Motions and dismisses this action without prejudice.

This action stems from events which occurred during Plaintiff Edward Roberson's term of incarceration at Menard Correctional Facility, a facility operated by the Illinois Department of Corrections ("IDOC").

### FACTUAL AND PROCEDURAL BACKGROUND

Roberson's grievance records indicate that he filed Grievance #14-9-19, dated June 28, 2019, asking to see a dentist. The grievance was processed September 3, 2019, and was returned with a counselor's response on September 6, 2019 (Doc. 50-5 at 96). Defendants claim that this grievance was never submitted to the Administrative Review Board ("ARB") and point to the Grievance Log (Doc. 50-5) as evidence of this, but Roberson states that he did submit the grievance to the ARB and that it was lost or destroyed and never processed.

Roberson filed Emergency Grievance #66-10-19, dated October 3, 2019, in relation to

his desire to have teeth pulled (*Id.* at 108). The grievance was deemed non-emergent and returned to Roberson on October 10, 2019. The grievance log indicates that Roberson did not resubmit the grievance for review through the non-emergency process, and the grievance was not submitted to the ARB (*Id*).

Grievance #149-6-20, dated June 10, 2020, also relates to dental issues (Doc. 50-6 at 75-77). That grievance was returned to Roberson on June 22, 2020, with a response from a counselor, but the grievance was not submitted to a grievance officer for review at the second level or submitted to the ARB (*Id.* at 14).

Roberson filed his original pro se complaint in October 2019 under 42 U.S.C. § 1983, alleging deliberate indifference to his serious dental needs during the period of his incarceration at Menard Correctional Center (Doc. 1). His initial complaint was dismissed pursuant to the Court's preliminary review for failure to state a claim (Doc. 12), and Roberson filed an amended complaint on May 28, 2020 (Doc. 14). Certain counts were severed into two new cases on October 29, 2020 (Doc. 20), leaving only Asselmeier and Jones as defendants in this action. Asselmeier and Jones now seek to dismiss the action because Roberson failed to exhaust administrative his remedies before bringing suit.

## LEGAL STANDARD

Summary judgment is only appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014) (*quoting* FED. R. CIV. P. 56(a)). Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue of fact for trial. FED. R. CIV. P. 56(e); *see Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 232-24 (1986). The nonmoving party must offer more than "[c]onclusory allegations, unsupported by specific facts," to establish a genuine issue of material fact. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

In determining whether a genuine issue of fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A "court may not assess the credibility of witnesses, choose between competing inferences or balance the relative weight of conflicting evidence[.]" *Reid v. Neighborhood Assistance Corp. of America*, 749 F.3d 581, 586 (7th Cir. 2014) (*quoting Abdullahi v. City of Madison*, 423 F.3d 763, 769 (7th Cir. 2005)).

## DISCUSSION

Defendants claim that Roberson has failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act ("PLRA"). Under the PLRA, inmates bringing an action under 42 U.S.C. § 1983 must exhaust all administrative remedies before filing suit. 42 U.S.C. § 1997e(a). Administrative exhaustion "means using all steps that the agency holds out, and doing so properly." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quotations omitted). This is a mandatory rule which a district court does not have discretion to waive. *Id.* at 93.

For suits brought by IDOC inmates, administrative remedies are those listed in the Illinois Administrative Code, which prescribes the grievance procedure for inmates. 20 Ill. Adm. Code 504.810. Under the Illinois Administrative Code, to properly exhaust administrative remedies plaintiffs must comply with the following procedures:

> "First, a grievance must be filed with the counselor or Grievance Officer in accordance with the procedures in this Subpart, within 60 days after the discovery of the incident, occurrence or problem that gives rise to the grievance.
>
> The grievance shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.
>
> Second, the Grievance Officer shall consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer…. The Chief Administrative Officer shall review the findings and recommendation and advise the offender of his or her decision in writing.
>
> Third, if, after receiving the response of the Chief Administrative Officer, the offender still believes that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director. The appeal must be received by the Administrative Review Board within 30 days after the date of the decision. Copies of the Grievance Officer's report and the Chief Administrative Officer's decision should be attached… The Director shall review the findings and recommendations of the Board and make a final determination of the grievance within six months after receipt of the appealed grievance, when reasonably feasible under the circumstances."

20 Ill. Admin. Code §§ 504.810-850.

Defendants seem to allege that this process requires that an inmate first file a grievance with a counselor, then file a grievance with a grievance officer for a "second level" review, and then submit the grievance to the ARB. The regulations, however, state that a grievance may be filed with either a counselor or a grievance officer, and do not appear to require that a grievance be filed with both. The regulations do provide, however, that inmates may appeal to the ARB, and thus administrative remedies cannot be said to have been exhausted without completing this appeal.

Here, IDOC records appear to suggest that Roberson filed many grievances, but only a small number directly related to his dental issues, and of these he did not appeal any of them to the ARB. Roberson asserts that he filed many grievances and that IDOC always denies his grievances and often simply does not enter them into the system, that he has attempted to appeal his grievances and that the IDOC grievance system is fundamentally broken. The Court notes, however, that he has exhausted other grievances related to other issues. Roberson also asserts that he was "part illiterate," yet the sheer volume of grievances that he filed seems to undercut this argument. Overall, based on its evidentiary hearing of August 12, 2021, the Court finds that Roberson on his own has not presented credible evidence that he attempted to appeal these grievances to the ARB and those appeals were intentionally or unintentionally misplaced or destroyed. The Court rather concludes that Roberson has simply failed to appeal the grievances specifically related to his dental concerns to the ARB, and in doing so he has failed to exhaust his administrative remedies.

## Conclusion

For these reasons, the Court **GRANTS** the Motion for Summary Judgment (Doc. 49) and **DISMISSES** this action without prejudice.

**IT IS SO ORDERED.**

**DATED: August 13, 2021**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**